UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

TODD GOLDSBERRY,

    Plaintiff,  **COMPLAINT**

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION LLC and EQUIFAX INFORMATION
SERVICES LLC

**DEMAND FOR JURY TRIAL**

    Defendants.
_____/

## COMPLAINT

Plaintiff Todd Goldsberry ("Plaintiff") by and through counsel, files this Complaint against Defendant Experian Information Solutions, Inc., ("Defendant Experian" or "Experian") Defendant TransUnion LLC and Defendant Equifax Information Services LLC pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Beach, Palm Beach County, Florida.

5. Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is an Ohio corporation whose registered agent in Florida is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Experian is a consumer reporting agency (CRA) as defined by FCRA, 15 USC §1681a(f).

6. Defendant TransUnion LLC ("Defendant TransUnion" or "TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

7. Defendant Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

Summary

8. This action involves derogatory and inaccurate reporting of student loan accounts furnished by the US Department of Education (the "Accounts" or "student loan accounts") to Plaintiff's credit profile with <u>Experian, Equifax, and TransUnion</u>. ("Defendant CRAs"). Plaintiff contends that the reporting of the account is inaccurate after fully resolving the student loan account balances in a settlement with the U.S. Department of Education.

Student Loan Accounts

While Plaintiff was in college in the 1980's he took out two federal student loans. The first loan was disbursed in 1985 in the amount of $2,250.00. The second loan was disbursed in 1988 for in the amount of $1,500.00. At some point the student loans became delinquent and ultimately defaulted.

<u>Student Loan Settlement</u>

9. On or about April 26, 2005, Plaintiff entered into a settlement agreement with the Department of Education to fully resolve the student loan accounts with a one-time payment of $3,810.

10. On or about April 30, 2005, Plaintiff tendered the $3,810 payment as agreed. Receipt of the payment was confirmed by a Notice of Satisfaction verifying that the account was settled by compromise and that no further payments were due.

<u>Reporting of the settled student loans</u>

11. In or about June 2019, Plaintiff was notified that his income tax refund was offset by $1,089.27, as a payment towards the settled student loan accounts.

12. Moreover, the loans that were settled at $2250 and $1500, are now reporting to the credit bureaus for $5079 and $3,396.

**COUNT 1**
**<u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>**
(Against Defendant Experian)

13. Plaintiff incorporates paragraphs 1-12 above by reference of this Complaint.

14. Defendant Experian has prepared and issued consumer credit reports concerning Plaintiff which has included and continues to include information concerning inaccurate, and derogatory reporting of accounts with the Department of Education.

15. In June 2019, Plaintiff submitted a written dispute of the erroneous reporting of the settled student loan accounts directly to Defendant Experian (the "Dispute").

16. In response to the Dispute, Experian promptly and properly gave notice to Defendant Department of Education of the Dispute in accordance with the FCRA.

17. Experian notified Plaintiff that it had completed its investigation and that the

student loan accounts were verified as accurate and remained on Plaintiff's Experian credit report.

18. Plaintiff then submitted a complaint with the CFPB that Experian continued to erroneously report outdated and delinquent student loan accounts on his credit profile. However, the complaint was closed, and the accounts remained on Plaintiff's Experian report.

19. In or about November 2022, Plaintiff submitted an online dispute about the erroneous reporting of the same student loans reflecting balances of $3,396 and $5,079.

20. An Experian report dated February 2, 2023, states that the reported items were updated from processing of the November 2022 dispute. However, the accounts were not deleted or corrected.

21. Plaintiff submitted his final written dispute to Experian on February 23, 2023, stating that the account was settled in 2005, and the reporting of the student loan accounts was inaccurate.

22. Experian notified Plaintiff that it had completed its investigation and that the student loan accounts were updated, but still remain on Plaintiff's Experian credit report.

23. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

24. Experian is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

25. Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amount reported by Defendant Department of Education, Experian continues to report Plaintiff's accounts as in collections for an unpaid balance.

26. Continuing to report the status of Plaintiff's account in this fashion is significant.

27. By continuing to report the status of Plaintiff's account in this fashion, lenders

believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

28. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

29. Experian failed to conduct a reasonable investigation and reinvestigation.

30. Experian failed to review and consider all relevant information submitted by Plaintiff.

31. Experian failed to conduct an independent investigation and, instead, deferred to Department of Education despite the evidence and/or information Plaintiff provided to it (Experian).

32. Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Experian failed to correct the information.

33. Experian's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

34. Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, chose to parrot the information it (Experian) received from Department of Education despite being in possession of evidence that the information was inaccurate.

35. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

36. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's

failure to correct the credit report pertaining to Plaintiff.

37.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

38.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

39.     Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

40.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

41.     The conduct, action and inaction of Experian was willful, thereby rendering

Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

42. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

43. The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's disput0e to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

44. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

45. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

46. Plaintiff incorporates paragraphs 1-45 above by reference of this Complaint.

47. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reinvestigation with respect to the disputed information.

48. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

49. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

50. Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

51. Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

52. The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a

judge and/or jury pursuant to 15 U.S.C. § 1681(n).

53. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

54. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

55. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant TransUnion)

56. Plaintiff incorporates paragraphs 1-12 by reference of this Complaint.

57. Defendant TransUnion has prepared and issued consumer credit reports concerning Plaintiff which has included and continues to include information concerning duplicate unpaid collection accounts.

58. On or about August 29, 2019, Plaintiff submitted a written dispute of the erroneous reporting of the settled student loan accounts directly to Defendant TransUnion (the "Dispute").

59. In response to the Dispute, TransUnion promptly and properly gave notice to Defendant Department of Education of the Dispute in accordance with the FCRA.

60. TransUnion verified the accounts as accurate, stating that the account information was disputed by the consumer, and that the account was transferred to another lender.

61. Plaintiff submitted another dispute to TransUnion on February 23, 2023, stating that the account was settled in 2005, and the reporting of the student loan accounts was inaccurate.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

62. TransUnion notified Plaintiff that it had completed its investigation and that the student loan accounts were updated, but still remain on Plaintiff's TransUnion credit report.

63. In response to the Dispute, TransUnion promptly and properly gave notice to Defendant Department of Education of the Dispute in accordance with the FCRA.

64. TransUnion verified the accounts as accurate, stating that the account information was disputed by the consumer, and that the account was transferred to another lender. Plaintiff that it had completed its investigation and that the student loan accounts were verified as accurate and remained on Plaintiff's TransUnion credit report.

65. Plaintiff submitted another dispute to TransUnion on February 23, 2023, stating that the account was settled in 2005, and the reporting of the student loan accounts was inaccurate.

66. TransUnion notified Plaintiff that it had completed its investigation and that the student loan accounts were updated, but still remain on Plaintiff's TransUnion credit report.

67. Defendant Department of Education is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

68. On a date better known by the Defendant Department of Education, TransUnion promptly and properly gave notice to Defendant Department of Education of Plaintiff's disputes in accordance with the FCRA.

69. In response to the notices received from TransUnion regarding Plaintiff's disputes, Defendant Department of Education did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Disputes.

70. In response to receiving notice from TransUnion regarding Plaintiff's disputes, Defendant Department of Education failed to correct and/or delete information they knew to be inaccurate and/or which Defendant TransUnion could not otherwise verify.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

71. Instead of conducting a reasonable investigation, Defendant Department of Education erroneously validated the Account and continued to report inaccurate information to TransUnion.

72. On at least one occasion within the past year, by example only and without limitation, Defendant Transunion violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

73. On at least one occasion within the past year, by example only and without limitation, Defendant Transunion violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

74. On at least one occasion within the past year, by example only and without limitation, Defendant TransUnion violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

75. Upon information and belief, Defendant TransUnion was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

76. Defendant TransUnion's investigation was per se deficient by reason of these failures on Defendant TransUnion's investigation of Plaintiff's disputes.

77. As a direct and proximate result of Defendant TransUnion's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

78. Defendant TransUnion's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant TransUnion)

80. Plaintiff incorporates paragraphs 1-12 and 56-79 by reference of this Complaint.

81. On at least one occasion within the past year, by example only and without limitation, Defendant TransUnion violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

82. On one or more occasions within the past year, by example only and without limitation, Defendant TransUnion violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

83. On one or more occasions within the past year, by example only and without limitation, Defendant TransUnion violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

84. When Defendant Department of Education received notice of Plaintiff's dispute from TransUnion, Defendant Department of Education could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

85. Defendant TransUnion would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant TransUnion had reviewed its own systems and previous communications with the Plaintiff.

86. Defendant TransUnion's investigation was per se deficient by reason of these failures on Defendant TransUnion's investigation of Plaintiff's dispute.

87. As a direct and proximate result of Defendant TransUnion's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

88. Defendant TransUnion's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

89. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

90. Plaintiff incorporates the paragraphs 1-12 by reference of this Complaint.

91. Defendant Equifax has prepared and issued consumer credit reports concerning

Plaintiff which has included and continues to include information concerning duplicate unpaid collection accounts.

92. In September 2019, Plaintiff submitted a written dispute of the erroneous reporting of the settled student loan accounts directly to Defendant Equifax (the "Dispute").

93. In response to the Dispute, Equifax promptly and properly gave notice to Defendant Department of Education of the Dispute in accordance with the FCRA.

94. Equifax notified Plaintiff that it had completed its investigation and that the student loan accounts were verified as accurate and remained on Plaintiff's Equifax credit report.

95. Plaintiff submitted another written dispute to Equifax on February 23, 2023, stating that the account was settled in 2005, and the reporting of the student loan accounts was inaccurate.

96. In a letter dated March 19, 2023, Equifax notified Plaintiff that it had completed its investigation and that the student loan accounts were verified as accurate.

97. Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

98. Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

99. Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amount reported by Defendant Department of Education, Equifax continues to report Plaintiff's accounts as in collections for an unpaid balance. By continuing to report the status of Plaintiff's account in this fashion is significant.

100. By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

101. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

102. Equifax failed to conduct a reasonable investigation and reinvestigation.

103. Equifax failed to review and consider all relevant information submitted by Plaintiff.

104. Equifax failed to conduct an independent investigation and, instead, deferred to Department of Education despite the evidence and/or information Plaintiff provided to it (Equifax).

105. Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Equifax failed to correct the information.

106. Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

107. Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute and, instead, chose to parrot the information it (Equifax) received from Department of Education despite being in possession of evidence that the information was inaccurate.

108. Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

109. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

110. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

111. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

112. Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

113. Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

114. The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

115. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in

an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

116. The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

117. As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

118. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

119. Plaintiff incorporates paragraphs 1-12 and 90-118 by reference of this Complaint.

120. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

121. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant

information submitted by the Plaintiff with respect to the disputed Information.

122. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

123. Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

124. Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

125. The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

126. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

127. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

128. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: April 11, 2023

Respectfully Submitted,

/s/ Jennifer G. Simil
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*